WOLKERS, DEMANDANTE Y APELANTE, *v.* MASSON, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre alimentos provisionales.

No. 1875.—Resuelto en marzo 31, 1919.

SENTENCIA—OPINIÓN—PRONUNCIAMIENTOS NO CONTENIDOS EN LA SENTENCIA.— Por lo general no debe tenerse la opinión como parte de la sentencia sino que el documento escrito que hace las veces de la sentencia debe contener todos los pronunciamientos sin hacer referencia a otros documentos. Así, pues, carecen de eficacia legal los pronunciamientos que si bien constan en la opinión, no se consignan en la sentencia.

DIVORCIO — ALIMENTOS PROVISIONALES — HONORARIOS DE ABOGADO PENDENTE LITE.—Una esposa que ejercita la acción de divorcio tiene derecho a reclamar de su marido en una acción colateral de alimentos provisionales el pago de

honorarios de abogado *pendente lite,* cuya cuantía queda a la sana discreción de la corte. El abogado que la representa tiene derecho a cobrar por sus servicios aun en el caso de que se pierda el pleito.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. José Martínez Dávila* y *Enrique Campillo.*

Abogado del apelado: *Sr. Francisco Soto Gras.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La apelante insiste en su primer fundamento de error en el hecho de que no debía obligársele a solicitar sus alimentos provisionales en la casa de su esposo. Fijándonos en la sentencia dictada en este caso encontramos que no contiene tal pronunciamiento. Por ella se concede a la apelante la suma de $40 mensuales en concepto de alimentos provisionales, pero no se hace mención específica del sitio en que deben ser satisfechas. Dicha sentencia expresa, sin embargo, que la opinión forma parte de la sentencia. La opinión no formaba parte de la transcripción original sino que fué traída a esta corte posteriormente. ¿Podemos considerar esa opinión como parte de la sentencia en apelación? El artículo 233 del Código de Enjuiciamiento Civil prescribe que la copia de la sentencia de la corte ha de formar parte del legajo de la sentencia. El artículo 299 del Código de Enjuiciamiento Civil como fué enmendado por la Ley No. 70, aprobada en marzo 9, 1911, página 239, expresa que constituirá el récord de una apelación el legajo de la sentencia y la notificación de la apelación. El legajo de la sentencia como fué preparado en este caso no incluía la opinión como parte de la sentencia. Esto resulta todavía más claro de la notificación de la sentencia librada por el secretario de la corte de distrito donde dice que se había dictado sentencia que fué debidamente registrada en el libro correspondiente. La sentencia como fué registrada no contenía copia de la opinión. Además, la manifestación hecha en la sentencia de que la opinión forma parte de la misma puede quizás interpretarse como el

cumplimiento con el artículo 227 como fué enmendado, por el que la corte está en la obligación de archivar una breve relación del caso. Por lo general no debe tenerse la opinión como parte de la sentencia sino que el documento escrito que hace las veces de la sentencia debe contener todos los pronunciamientos sin hacer referencia a otros documentos.

Nos inclinamos a creer que no debiera exigirse a la esposa **ir a la casa de su marido para recibir sus alimentos provi-**sionales, particularmente en un caso como el presente en que la corte le había nombrado un depositario especial, pero esta consideración incidental que hacemos (*obiter*) es más bien como consejo que obligatoria para la corte.

También se negó la corte inferior a conceder honorarios de abogado *pendente lite.* Creemos que esto fué un error. La esposa debe estar en condiciones de dar alguna compensación a su abogado a fin de obtener la debida representación durante el litigio. El abogado que la representa tiene derecho a que se le pague por sus servicios aun en el caso de que se pierda el pleito. La cantidad que por ello debe pagársele queda a la sana discreción de la corte, pero como en esta fecha y al resolver el *certiorari* No. 238 hemos considerado válida otra orden por $200, y como tampoco estamos seguros de si esta suma de $200 no abarca toda la materia en controversia simplemente revocaremos la sentencia en cuanto a este particular dejando a la corte inferior que fije la cuantía de los honorarios si dichos $200 no se refieren a los honorarios que se tratan de recobrar en este caso.

Debe revocarse la sentencia apelada en cuanto declara sin lugar la demanda reclamando el pago de los honorarios del abogado de la demandante y apelante y confirmarse en sus demás particulares.

> *Revocada la sentencia apelada en cuanto declara sin lugar la demanda reclamando el pago de los honorarios del abogado de la demandante y apelante y confirmada en sus demás particulares.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Aldrey.

Los Jueces Asociados Sres. del Toro y Hutchison disintieron en cuanto al extremo relativo a que la opinión de la corte inferior no pueda ser tenida en cuenta en este caso.