SUCESIÓN RIVERA, PETICIONARIA Y APELADA, *v.* GONZÁLEZ,
DEMANDADO Y APELANTE.

No. 3346.—*Visto:* Noviembre 18, 1924. *Resuelto:* Febrero 20, 1925.

*Injunction.*—El dueño de una finca puede recurrir al remedio ordinario de *injunction* para impedir la construcción, sin permiso, de una casa en sus terrenos.

ID.—INSPECCIÓN OCULAR—ERROR NO REVISABLE.—Para que el Tribunal Supremo pueda decidir si fué o no errónea la omisión de levantar acta del resultado de una inspección ocular, es preciso que el apelante hubiera hecho oportunamente la objeción en la corte inferior.

ID.—TÍTULO—POSESIÓN—EFECTOS DE.—Un *injunction* no es un procedimiento para probar un título sino que el demandado, para alcanzar éxito, debe demostrar una posesión *bona fide* que no sea una reciente invasión en la posesión de los demandantes.

SENTENCIA de *G. Castejón,* J. (Guayama), declarando con lugar demanda de injunction, con costas. *Confirmada.*

J. J. *Aponte,* abogado del apelante; *M. A. Martínez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se alegó en la demanda que el demandado estaba construyendo una casa en la finca de la demandante y que esta última logró intervenir para impedir la construcción. Sostiene el apelante que el remedio ordinario de injunction en equidad no procedía pero que la sucesión demandante si tuvo algún remedio fué por virtud de la ley especial para recobrar la posesión de bienes inmuebles que autoriza la Ley No. 43 de 1913 (p. 85), como fué enmendada por la No. 11 de 1917 (1917 (2), p. 221). La teoría es que dicha ley concede el recurso legal, y por tanto que no procede un remedio en equidad. No siendo ninguno de los dos para daños y perjuicios, creemos que es lo que se conocería por remedio en equidad, y la Sucesión demandante pudo haber elegido seguir uno, u otro. Convenimos con la apelada, sin embargo, en que el remedio adecuado era el injunction ordinario, pues de ningún otro modo podían haber evitado los demandantes la continuación de la construcción de un edificio. Un injunction ordinario era el remedio como indicó este tribunal en el caso de *Rabell* v. *Rodríguez,* 24 D.P.R.

561. Allí también resolvimos que un demandante que espera hasta que un edificio esté construído, no puede obtener después un mandamiento de injunction. El primer señalamiento de error no estuvo bien fundado. El segundo señalamiento es como sigue:

(2) La corte erró al practicar la inspección ocular solicitada por los demandantes, sin haber levantado un acta del resultado de dicha inspección, ni habérsele dado luego de ello una oportunidad a las partes para explicar o añadir lo que hubiesen estimado conveniente.''

Aparece de la transcripción que el demandado estaba presente y a su abogado se dió también la oportunidad de asistir, de la cual no hizo uso. Ni la exposición del caso, ni los autos muestran cuál fué el resultado de la inspección ocular, pero no aparece que el apelante se quejara de esto en la corte inferior y no trató de obtener que se hiciera tal acta de inspección. Todo lo que hizo, como antes se indicó, fué atacar la inspección por no haber estado presente su abogado y no haber tenido oportunidad de hacer sugestiones u otra indicación.

El tercer señalamiento de error apenas merece consideración. Ataca la actuación de la corte al aplicar cierta jurisprudencia de este tribunal. No sólo no se hace más especificación en dicho señalamiento, sino que éstos deben más propiamente dirigirse a la actuación de la corte y no a su mero razonamiento.

Los demandantes presentaron prueba tendente a demostrar el título y la consiguiente posesión desde un período de tiempo anterior al comienzo de la casa por el demandado. Este último, según la corte, vivía en la finca de los demandantes y empezó a construir al lado en la misma finca de éstos. El demandado alegó tener el título a la finca, pero la corte declaró probado que él sólo estaba en posesión material de una casita y no tenía ningún derecho a más propiedad sin reclamarla judicialmente. *Ortiz* v. *Silva,* 28 D. P.R. 384, *Serrano* v. *Sucn. Santos,* 24 D.P.R. 175. En otras

palabras, existió un conflicto de prueba que resolvió la corte y que no hay razón de variar. Desde luego, según puede inferirse de los anteriores casos y otros, que un injunction no es un procedimiento para probar un título sino que el demandado, para alcanzar éxito debe demostrar una posesión *bona fide* que no sea una reciente invasión en la posesión de los demandantes. Hubo prueba tendente a acreditar que el demandado estaba en la finca con permiso o tolerancia de los demandantes y por tanto que su posesión era la posesión de los demandantes.

*Debe confirmarse la sentencia apelada.*