JULIO BIAGGI ESBRI, peticionario, *v.* LA CORTE DE DISTRITO DE PONCE, Hon. CHARLES E. FOOTE, JUEZ, demandado.

No. 656.—*Sometido:* Abril 19, 1929. *Resuelto:* Abril 25, 1929.

*Arjona & Arjona,* abogados del peticionario.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La Corte de Distrito de Ponce resolvió que podían concederse honorarios de abogado *pendente lite* en una acción de divorcio. El esposo demandado radicó un *certiorari* ante este tribunal y alega, entre otras cosas, que la forma adecuada de obtener honorarios de abogado *pendente lite* es mediante un procedimiento independiente por *litis expensas:* que en vista de la forma del procedimiento seguido por los abogados, la decision en este caso caería dentro de las disposiciones del capítulo III, título V del Código Civil, y especialmente dentro del artículo 168 del mismo, el cual lee así:

"Si la mujer no contase con suficientes recursos propios para vivir durante el juicio, la corte de distrito ordenará al marido que le pase una pensión alimenticia en proporción a los bienes de éste."

Y el marido demandado dice además que por virtud del artículo 170 del Código Civil no procede una apelación de las decisiones de la corte bajo dicho capítulo III.

Siempre hemos tenido la idea de que el derecho a obtener honorarios de abogado contra una parte contraria es un derecho que el cliente tiene; y, además, que tratándose de una esposa, tal derecho puede ser ejercido de conformidad con el capítulo III. Ora pueda considerarse o no la concesión de honorarios de abogado directamente como parte de los alimentos en su sentido corriente, la corte necesariamente está autorizada para mantener *in esse* el litigio, cuando la esposa alega no sólo el derecho al divorcio sino también que se le concedan los medios necesarios para vivir. No puede sostenerse el litigio sin abogados, y, por tanto, los honorarios de abogado *pendente lite* son directa o indirectamente una de las medidas provisionales necesarias en una acción de divorcio. Necesariamente, si estamos en lo cierto respecto a esto, la concesión de honorarios de abogado cae dentro de la

488

sana discreción de la corte sentenciadora, no es apelable, y, tampoco procedería el recurso de *certiorari*.

Por otra parte, si la concesión de honorarios de abogado no debe considerarse en Puerto Rico como parte de los alimentos de la esposa, entonces no importa cuál sea la actuación de los abogados, la concesión de tales honorarios es un procedimiento independiente dentro del pleito de divorcio y final para los fines de apelación. En otras palabras, procedería una apelación de una resolución fijando honorarios de abogado. Si procede el recurso de apelación, entonces el *certiorari* no es el remedio adecuado.

Sin embargo, según hemos dicho, nos inclinamos hacia el criterio de que los honorarios de abogado pueden obtenerse bajo el capítulo III, *supra*.

El Juez Presidente Sr. del Toro no intervino.