SIMONA EMELINA COMAS, peticionaria, *v.* LA CORTE DE DIS-TRITO DE MAYAGÜEZ, HON. CHARLES E. FOOTE, JUEZ, demandada.

No. 638.—*Sometido:* Enero 21, 1929. *Resuelto:* Junio 20, 1929.

*José Sabater*, abogado de la peticionaria; *Miguel García Méndez,* abogado del interventor, demandante en la acción de nulidad de matrimonio.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Gerardo Arroyo Toro presentó en la Corte de Distrito de Mayagüez demanda para que se declarase la nulidad de su matrimonio con Simona Emelina Comas fundándose en haber prestado su consentimiento para ese matrimonio mediante intimidación, y para que subsidiariamente se decretara el divorcio. Compareció en la corte la demandada solicitando eliminaciones y especificaciones de la demanda y presentó además una moción para que mientras durara el juicio le pagase su marido determinada cantidad para ali-

mentos, y para costas y honorarios de su abogado. Antes de ser oída esa moción por la corte el demandante enmendó su demanda exponiendo en ella solamente la acción por nulidad. Oídas después las partes con respecto a la expresada moción y la prueba que fué presentada, la parte demandante planteó a la corte la cuestión de derecho referente a que no concediendo el Código Civil alimentos mientras dura el pleito de nulidad del matrimonio debía ser negada dicha moción, y así lo resolvió la corte por el expresado motivo, contra cuya resolución interpuso la esposa el presente recurso de *certiorari,* y habiéndolo librado nosotros fueron reclamados y recibidos los autos originales del pleito, después de lo cual oímos a las partes sobre la petición que nos hacía la esposa para que anulemos la resolución de la corte de distrito negándole la concesión de los alimentos solicitados.

El Código Civil español que rigió en esta Isla hasta que en 1902 fué substituido por el actual, en su libro primero, título cuarto, capítulo primero, tenía la sección quinta en la que se consignaban los efectos civiles de las demandas y sentencias sobre nulidad de matrimonio y sobre divorcio; disponiendo en su artículo 68 que interpuestas y admitidas esas demandas, se adoptarían, mientras durase el juicio, las disposiciones que enumera, siendo una de ellas la de señalar alimentos a la mujer y a los hijos que no queden en poder del padre.

Al redactarse el actual Código Civil se incluyó en el título cuarto, que trata del matrimonio, el artículo 163, según el cual el vínculo del matrimonio se disuelve en los siguientes casos: primero, por la muerte del marido o de la mujer; segundo, por el divorcio legalmente obtenido; y tercero, si el matrimonio se declarase nulo. Después en su título quinto titulado del divorcio, trata en su capítulo primero de las causas del mismo, en el segundo del procedimiento para él, en el tercero de las medidas provisionales a que puede dar lugar, en el cuarto de las excepciones con-

tra la acción de divorcio y en el quinto de los efectos del mismo. Una de las medidas provisionales, según el artículo 168, es que si la mujer no contase con suficientes recursos para vivir durante el juicio, la corte de distrito ordenará al marido que le pase una pensión alimenticia en proporción a los bienes de éste: disponiendo en su artículo 170 que las resoluciones del tribunal de distrito con motivo de ese capítulo serán inapelables y se enmendarán por el tribunal cuando lo exijan las circunstancias en cada caso. El título sexto, referente a la nulidad del matrimonio, sólo contiene dos artículos: el 178 y el 179, declarando el primero de ellos que es nulo el matrimonio en el que no se hayan observado todos los requisitos exigidos por el código; y determinando en el segundo las personas que pueden ejercitar la acción de nulidad del matrimonio.

Aunque el código actual nada dispone en su capítulo sexto destinado a la nulidad del matrimonio respecto a que mientras dura el pleito de esa naturaleza el marido le suministre alimentos a su esposa, sin embargo, como según el artículo 159 el marido será el administrador de los bienes de la sociedad conyugal, salvo estipulación en contrario; como el 157 impone al marido el deber de proteger a la mujer y de satisfacer sus necesidades en proporción a su condición y medios de fortuna; y como la esposa demandada continúa siendo la cónyuge del demandante mientras el matrimonio que celebraron no quede disuelto por sentencia que le declare nulo, el marido tiene el deber de suministrar a la esposa los alimentos que reclama mientras dura el pleito pendiente entre ellos para cumplir ese precepto de ley inspirado en el derecho natural de que no quede privada de tales alimentos mientras dure el pleito, por lo que entendemos que para que ese precepto legal tenga efectividad es aplicable por analogía a un pleito de nulidad de matrimonio la disposición contenida en el artículo 168 de las medidas provisionales dispuestas para el juicio de divorcio.

La negativa de la corte inferior se fundó únicamente

en que la esposa en los pleitos de nulidad de matrimonio no tiene derecho alguno a alimentos, y aunque esta resolución fuera apelable, tal recurso no sería rápido, adecuado y eficáz para ella y por esto era procedente el expedir este auto de *certiorari*.

La resolución recurrida *debe ser anulada y devolverse* los autos a la corte inferior para que resuelva con las pruebas que fueron practicadas.