RAFAEL ANDINO GALES, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. C. LLAUGER DÍAZ, JUEZ, demandada.

No. 1060.—*Sometido:* Diciembre 18, 1935.  *Resuelto:* Diciembre 24, 1935.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del peticionario; *La Costa & La Costa,* abogados del Sr. Vázquez, demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Rafael Andino Gales inició en la Corte de Distrito de San Juan una demanda de *injunction* contra Gregorio Vázquez y José L. Soto, márshal de la Corte Municipal de San Juan. Se alegó en la demanda que desde hace más de diez años el demandante ha estado en posesión real, continua, pública, pacífica e ininterrumpida de un inmueble compuesto de solar y casa; que Gregorio Vázquez viene realizando actos de dueño en la referida finca, tales como dar órdenes a los inquilinos del demandante y cobrar los cánones de arrendamiento a personas que viven en la casa; que el márshal de-

mandado, en virtud de una orden de la Corte Municipal de San Juan, y también siguiendo instrucciones de Gregorio Vázquez, ha conminado al demandante para que desaloje la finca objeto de este litigio, y que en virtud de actos del demandado se encuentra de continuo molestado en la posesión de la referida finca; que el demandante tiene constituído su *homestead* sobre la finca referida y que, careciendo de un medio rápido, adecuado y eficaz en el curso ordinario de la ley, recurre al remedio de *injunction.*

La corte de distrito, a petición del demandante, dictó una orden de entredicho y citó a los demandados para comparecer ante la misma y mostrar las causas que tuviesen para impedir que se expidiese un *injunction* preliminar. El día de la vista presentó el demandado su contestación y una moción para que se anulara y dejara sin efecto el entredicho y para que no se concediera el *injunction* preliminar solicitado. La corte se negó a conceder dicho *injunction* y anuló la orden de entredicho por entender que el demandante debe acogerse al recurso previsto en el artículo 1ro. de la Ley núm. 43 de 1913 (pág. 85), equivalente al artículo 690 del Código de Enjuiciamiento Civil, edición de 1933. Solicitó entonces el demandante la revisión de esta resolución por medio de un auto de *certiorari* que fué oportunamente expedido por este tribunal. Sostiene la corte inferior que no procede el recurso de *injunction* solicitado, porque de acuerdo con las alegaciones de la demanda ya se han realizado actos que equivalen a privación efectiva de la posesión y a una perturbación en el derecho dominical del demandante que hace que la acción caiga de plano dentro de los preceptos de la ley de 1913, que forma hoy parte del Código de Enjuiciamiento Civil. En la opinión emitida por el tribunal inferior se dice lo siguiente:

"La alegación de que el márshal ha conminado al demandante para que desaloje la finca constituye una perturbación que también da origen al ejercicio del *injunction* posesorio prescrito por la Ley 43 de 1913. Los esfuerzos hechos por el demandante para convencernos de que el ejercicio de la acción ordinaria de *injunction* es

el que podría garantizarle un remedio completo y facilitaría al Tribunal medios de impartir entera justicia, no nos convencen por mucha que sea nuestra voluntad de cooperar con el demandante en aclarar ésta, una de las muchas derivaciones de la contienda, famosa en los anales judiciales, conocida generalmente con el nombre de El Pleito de Melilla, pero no podemos negar eficacia a la ley y a la jurisprudencia.

"Resolvemos que el remedio adecuado para casos como el presente es el *injunction* posesorio prescrito en la Ley No. 43 de 1913, enmendada en 1917 (Artículo 90 y siguientes del Código de Enjuiciamiento Civil de Puerto Rico, edición de 1933), y consecuentemente declaramos bien anotado el fundamento de nulidad que señala el demandado don Gregorio Vázquez en su moción para que se anule el entredicho dictado, sin perjuicio del derecho que pueda asistir al demandante a ejercitar cualquiera otro remedio que la ley le brinde en defensa de sus intereses."

■■■ La corte inferior declara que cuando existe un remedio rápido, adecuado y eficaz en el curso ordinario de la ley no procede el remedio extraordinario de *injunction,* y concluye que en este caso el demandante tiene ese remedio en el *injunction* para recobrar la posesión. Es decir, a juicio del tribunal inferior el antiguo remedio de *injunction* para proteger la posesión en un caso como el presente ha quedado excluído por la ley de 1913. No abundamos en la misma opinión. Ambos recursos, el que pudiéramos llamar clásico, y el que aparece comprendido en la ley de 1913, emanan del poder legislativo y ambos están inspirados en principios de equidad. En el procedimiento de *injunction* para recobrar la posesión la contienda se reduce a una cuestión de hecho sobre la mera posesión y la perturbación ocasionada en la misma por los actos de un tercero. El *injunction* clásico no es tan limitado con respecto a la prueba y las cuestiones se discuten con mayor amplitud. En el presente caso el demandante y peticionario alega que tiene establecido su derecho de *homestead* en la finca que se describe en la demanda. Esta corte ha declarado que el procedimiento de *injunction* puede ser utilizado para impedir que el dueño del *homestead* sea privado del mismo sin haber sido pagado. *Lasalle* v. *Valen-*

*cia,* 39 D.P.R. 612. Dentro de este último procedimiento el peticionario puede demostrar que ha establecido su hogar seguro para justificar su derecho al *injunction,* lo que no podría hacer dentro del recurso que la ley concede para recobrar o retener la posesión.

En *Sucesión Rivera* v. *González,* 33 D.P.R. 1014, este tribunal ha declarado que el remedio de *injunction* posesorio no es un remedio en ley sino en equidad y que un demandante tiene derecho a optar por uno de los dos recursos. De la opinión emitida en el caso citado copiamos lo siguiente:

"Se alegó en la demanda que el demandado estaba construyendo una casa en la finca de la demandante y que esta última logró intervenir para impedir la construcción. Sostiene el apelante que el remedio ordinario de *injunction* en equidad no procedía pero que la Sucesión demandante si tuvo algún remedio fué por virtud de la ley especial para recobrar la posesión de bienes inmuebles que autoriza la Ley No. 43 de 1913 (p. 85), como fué enmendada por la No. 11 de 1917 (1917 (2), p. 221). La teoría es que dicha ley concede el recurso legal, y por tanto que no procede un remedio en equidad. No siendo ninguno de los dos para daños y perjuicios, creemos que es lo que se conocería por remedio en equidad, y la Sucesión demandante pudo haber elegido seguir uno, u otro."

El peticionario en este caso ha decidido acogerse al recurso concedido por la ley general de *injunction* y tiene derecho a que se resuelvan en un sentido u otro las cuestiones planteadas en su demanda ante la corte inferior.

*Debe anularse la resolución de la Corte de Distrito de San Juan de 23 de noviembre de 1935.*