ARTURO L. ECHEVARRÍA, demandante, contrademandado y apelado, *v.* MADELEINE CHABANCE, demandada, contrademandante y apelante.

Núm. 7701.—*Sometido:* Junio 9, 1939. *Resuelto:* Julio 22, 1939.

*Mariano Acosta Velarde,* abogado de la apelante; *C. Ruiz Nazario,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

En abril 24, 1935, Arturo L. Echevarría demandó a su esposa Madeleine Chabance en solicitud de divorcio.

La esposa en mayo 13, 1935, alegando ser insolvente, pidió a la corte que ordenara al demandante que consignara en secretaría "la suma de $750 para los gastos, costas, desembolsos y honorarios de abogado de la compareciente", solicitando además $200 mensuales como pensión alimenticia.

Se opuso el demandante a la petición de *litis expensas* en cuanto a la cuantía alegando que cien dólares serían suficientes y a la pensión alimenticia por haber venido atendiendo a su esposa de acuerdo con sus recursos. La corte fijó la pensión en cien dólares mensuales y ordenó el depósito de "ciento veinte y cinco dólares para honorarios de abogado", sin perjuicio de que la demandada, listo el caso para vista, pudiera solicitar del demandante la entrega "de una suma razonable para los gastos y desembolsos necesarios para su defensa en el juicio."

Contestó y contrademandó la demandada. Fué el pleito a juicio y la corte lo falló por sentencia de mayo 12, 1937 declarando la demanda sin lugar y con lugar la contrademanda "con costas al demandante y contrademandado incluyendo en las mismas la cantidad de $150 para honorarios de abogado de la demandada y contrademandante."

Firme la sentencia, el demandante presentó una moción alegando que había pagado a la demandada los desembolsos del pleito motivo por el cual no había dicha demandada archivado reclamación alguna de los mismos y que en cuanto a los honorarios de abogado fijados en su sentencia por la corte en ciento cincuenta dólares, habiendo satisfecho ya ciento veinte y cinco en cumplimiento de la anterior resolución sobre *litis expensas,* sólo le restaba por pagar veinte y cinco que ponía a disposición de la demandada como saldo de su obligación.

Se opuso la demandada y la corte resolvió la cuestión, así:

"Ahora, la cuestión a resolver en este caso es si las *litis expensas* concedidas a la demandada y contrademandante participan del carácter de honorarios de la defensa o de anticipo de cantidad con cargo a los bienes gananciales. Mi creencia es que la cantidad concedida como *litis expensas* no es otra cosa que un anticipo de los honorarios a que pueda tener derecho el abogado de la demandada, porque dicho abogado tiene derecho a cobrar ya gane o pierda el pleito. Lo que la ley reconoce es el derecho de la esposa a contar con algunos medios que le permitan defenderse en pleito iniciado, ya por ella o ya por el esposo. Es la circunstancia de que al determinarse finalmente en la sentencia la cuantía de los honorarios del abogado de la mujer, no tengo que tomar en cuenta, ni nunca he tenido en cuenta los honorarios previamente concedidos. Puede ser que en algún caso, como en el de *Cairnes* v. *Cairnes,* 100 So. 317, se conceda una cantidad mucho mayor para honorarios de abogado de la demandada en la sentencia que los honorarios concedidos como *litis expensas,* y esto robustece mi teoría de que son meros anticipos que hace el tribunal para que la mujer tenga medios de defenderse, o en caso de que el esposo fuese la parte pobre, también puede reclamar cuando se trata de mujer rica, ya que según el código, son

recíprocas las prestaciones que reconoce por origen el mutuo deber de sostenerse ambos cónyuges. Quien recibe el anticipo por concepto de *litis expensas* no es la mujer, sino el abogado de la mujer. Se hace innecesario que yo exprese mi criterio en cuanto a si este dinero de *litis expensas* puede o no conceptuarse como alimentos. Ya lo ha hecho por mí el Tribunal Supremo en el caso de *Walkers* v. *Masson,* 27 D.P.R. 278, al resolver definitivamente que el abogado que representa a una mujer en pleito de divorcio tiene derecho a que se le pague por sus servicios, aún en el caso en que se pierda el pleito, quedando a la sana discreción de la corte la cuantía, ya que es difícil precisar, al fijar la cantidad concedida como *litis expensas,* si ella ha de abarcar toda la cuantía o importe de los servicios que le preste el abogado. Por eso tal es mi fundamento al resolver que las *litis expensas* no constituyen otra cosa que un anticipo de las cantidades a que finalmente tenga derecho el abogado de la mujer, si ella resultare victoriosa en el pleito de divorcio. Si pierde el pleito, entonces la cantidad concedida equivaldría al importe total de los servicios prestados; pero si lo gana, la corte puede y debe, de acuerdo con la ley actual, fijar los honorarios del abogado de la mujer, de los que tiene necesariamente que deducirse la cantidad consignada por el marido como *litis expensas.* A mi juicio, la parte demandante y contrademandada tiene razón en lo que pide, por lo que se declara con lugar la moción y se declara bien hecha la consignación de $25.00, y se declara así mismo cumplida la sentencia en lo que respecta a los honorarios de abogado concedidos al de la demandada y contrademandante.''

Y es contra esa resolución dictada en enero 10, 1938, que el presente recurso de apelación se interpuso por la parte demandada que señala en su alegato cuatro errores cometidos a su juicio por la corte al enmendar su sentencia, al sostener que la cantidad concedida como *litis expensas* era un anticipo de los honorarios, al incluir los ciento veinte y cinco dólares pagados como *litis expensas* en los ciento cincuenta acordados para honorarios en la sentencia y al declarar que la sentencia de honorarios quedó cumplida con el depósito de los veinte y cinco dólares adicionales.

Ambas partes han dedicado a este asunto una atención extraordinaria. Treinta y dos páginas cuenta el alegato, de la apelante y cuarenta el del apelado. A nuestro juicio la

cuestión es sencilla y su justa decisión depende de los términos en que están dictadas la orden resolviendo la moción de la demandada sobre *litis expensas,* y la sentencia.

El criterio de la corte desde un principio se manifestó claro en el sentido de separar los desembolsos que hiciera la demandada cuando el pleito estuviera listo para juicio y los honorarios que era necesario pagar inmediatamente al abogado encargado de su defensa.

En cuanto a los desembolsos, no hay cuestión. Y en cuanto a los honorarios bien claro dijo la corte en su primera resolución que los ciento veinte y cinco dólares acordados se concedían exclusivamente para honorarios de abogado de la demandada.

Llegó el momento de decidir en definitiva el litigio y al resolverlo en favor de la demandada fijó el montante de los honorarios de dicho abogado en ciento cincuenta dólares, y cuando la parte condenada al pago le pidió que lo tuviera por hecho en la forma que conocemos, esto es, adicionando veinte y cinco a los ciento veinte y cinco anticipados y la parte contraria se opuso, interpretando sus propias decisiones resolvió de conformidad con la petición.

Nadie mejor que la corte de distrito podía interpretar el alcance de sus propias disposiciones, especialmente en una materia en que la ley deja a la sana discreción del tribunal tanto la concesión final de los honorarios como la fijación de la cuantía de los mismos.

Claro es que cuando se asigna como *litis expensas,* al principio del pleito, una cantidad para el pago de honorarios en un caso de divorcio y la parte a cuyo favor se hace la asignación pierde, los honorarios ya percibidos no se reintegran a la parte que los adelantó.

Pero eso no implica que los honorarios dejen de ser tales honorarios porque se anticipen y que no puedan tomarse en consideración para liquidar los que se fijen finalmente por la sentencia.

Dada la naturaleza peculiar del divorcio, cuando una de las partes carece de los medios materiales necesarios para defenderse, la otra debe proporcionárselos, recayendo sobre la parte solvente la obligación de pagar la totalidad de los gastos del pleito. Ambos litigantes son socios y la sociedad debe en un principio soportar las cargas de su pretensa disolución cuando no se ha decidido aún cuál es el socio culpable.

Dentro de la condición ordinaria de los litigios, cada parte contrata su abogado y le hace a veces anticipos a cuenta de sus honorarios. El pago final dependerá de los términos del contrato y si éste fija una determinada suma y se han hecho adelantos sobre ella, no tendría derecho el abogado a cobrar del cliente si éste gana, la totalidad de los honorarios fijados por la corte cuando la totalidad fuere mayor que la diferencia entre la suma contratada y los anticipos.

En el caso de *Walkers* v. *Masson,* 27 D.P.R. 278, 280, esta corte, por medio de su Juez Asociado Sr. Wolf, dijo:

"También se negó la corte inferior a conceder honorarios de abogado *pendente lite.* Creemos que esto fué un error. La esposa debe estar en condiciones de dar alguna compensación a su abogado a fin de obtener la debida representación durante el litigio. El abogado que la representa tiene derecho a que se le pague por sus servicios aun en el caso de que se pierda el pleito. La cantidad que por ello debe pagársele queda a la sana discreción de la corte, . . . ."

Véanse además los casos de *Caraballo* v. *Rossy, Juez de Distrito,* 27 D.P.R. 937 y *Biaggi* v. *Corte de Distrito,* 39 D.P.R. 486.

Se trata, pues, de una medida temporal, exigida por la necesidad mientras el litigio está pendiente y se fijan en definitiva los derechos de las partes, que guarda como es natural una relación de continuidad con dicha resolución definitiva.

Al dictar su sentencia fija el juez el valor razonable de los honorarios del abogado de la parte victoriosa si cree que

hubo temeridad en la parte vencida tomando en consideración el grado de la misma. Si la corte dada la naturaleza del pleito ha ordenado un anticipo, debe éste deducirse de la suma finalmente acordada a menos que la propia Corte ordene que se excluya y aquí la corte no sólo no dictó esa orden si que por el contrario sometídale dicha cuestión decidió que el anticipo estaba comprendido dentro del valor razonable que fijó como compensación al abogado por sus servicios a su cliente.

*Debe declararse sin lugar el recurso y confirmarse la orden apelada.*

El Juez Asociado Sr. Travieso no intervino.