EUGENIA SEVILLA, demandante y apelada, *v.* DEOGRACIAS VÉLEZ y su esposa CARMEN RODRÍGUEZ, demandados y apelantes.

Núm. 10114.—*Sometido:* Mayo 1, 1950. *Resuelto:* Mayo 18, 1950.

*Luis A. Archilla Laugier* y *José E. Bosch Roqué,* abogados de los apelantes; *Manuel Torres Reyes* y *Sergio A. Silva,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Los demandados apelaron de una resolución dictada por la Corte de Distrito de Bayamón, en la cual se decretó un *injunction* preliminar y se ordenó a los demandados, sus agentes, sirvientes, empleados y abogados (sic) que hasta la determinación final del recurso se abstuvieran de construir o reformar en forma alguna la casa que en la resolución se menciona, ubicada en el solar de la demandante, que asimismo se describe, previa prestación por ésta de una fianza por la suma de $1,500.

■■ Para sostener su recurso alegan en primer lugar los demandados que la corte inferior erró al no desestimar la acción, toda vez que se halla pendiente ante dicha corte otra causa, previamente radicada, entre las mismas partes y sobre los mismos hechos. En la demanda objeto del presente recurso se alega en lo esencial a esta contención que los demandados, en abierta violación al convenio verbal celebrado entre ellos y la demandante, y contra la voluntad, sin la autorización y sin el consentimiento de ésta, construyeron una casa de bloques de concreto, a espaldas de la casa de madera donde ellos viven, de una extensión de 15 pies, 11 pulgadas de frente, de 16 pies, 6 pulgadas de fondo y de 10 pies, 3 pulgadas de altura, habiéndose terminado ya esa edificación; que en el mes de junio de 1949 (¹) los demandados, además, empezaron a reconstruir de concreto armado y de bloques la casa de madera donde viven, habiendo empezado la construcción desde detrás de dicha casa, y habiendo terminado ya una extensión de 10 pies, 5 pulgadas de largo, 10 pies, 10 pulgadas de alto, por 17 pies, 10 pulgadas de

---

(¹) La demanda se radicó en 17 de junio de 1949.

ancho; que igualmente los demandados han levantado una zapata de bloques de concreto armado a lo largo de ambos lados de la casa, izquierda y derecha entrando, de una extensión de 33 pies, 10 pulgadas de largo por 3 pies, 7 pulgadas de alto; que también han cavado a espaldas de la casa de madera que dedican a vivienda, un hoyo profundo de 10 pies, 3 pulgadas de alto, 6 pies, 6 pulgadas de fondo y 11 pies, 10 pulgadas de largo, con el propósito de hacer un pozo muro, dañando esto último la apariencia total del solar; y finalmente que los demandados han trazado todos los cimientos de dicha casa en concreto, con la idea de construir toda la casa de bloques de cemento. Se suplica de la corte dicte un injunction permanente prohibiendo a los demandados la reconstrucción en bloques de concreto o en concreto armado de la càsa de madera y ordenando la destrucción de las obras anteriormente descritas.

Por otra parte, de la solicitud de injunction radicada un mes seis días antes en el pleito civil R-4962, ofrecida en evidencia por los demandados, se desprende que si bien se dice en esa solicitud que la demandante es dueña del solar descrito en la demanda del pleito que nos ocupa, no obstante en ella se alega tan sólo que los demandados empezaron a construir una casa de bloques de 10 pies de frente por 10 pies de fondo, a espaldas de la casa de madera dedicada a vivienda por los demandados. En esta primera solicitud radicada no se hace mención alguna, sin embargo, a la otra casa de bloques de concreto mencionada en la demanda del presente recurso, a las zapatas de concreto armado, al hoyo profundo, ni a los cimientos de concreto.

Es principio establecido en derecho que constituye una defensa para la parte demandada la alegación de que existe otra acción pendiente entre las mismas partes por la misma causa. Véanse artículo 105 del Código de Enjuiciamiento Civil; 1 Cal. Jur. 23, sec. 4; 1 C.J.S. 63, sec. 40; 1 Am. Jur. 27, sec. 14. Por tanto, si bien es verdad que en el presente caso no debió presentarse una nueva demanda sino una

demanda complementaria, puesto que se trata de las mismas partes y de la misma causa de acción, la segunda demanda radicada pudo considerarse como tal demanda complementaria y por consiguiente el error, de haber existido, no causa la revocación.

■ También alegan los demandados que la demanda en los términos que está redactada no aduce hechos determinantes de una causa de acción. Ya hemos expuesto a grandes rasgos las obras que en la demanda se dice están siendo realizadas por los demandados contra la voluntad de la demandante. Como en dicha demanda se alega también que la demandante es dueña del solar que se describe, que en el mismo enclava una pequeña casa de madera perteneciente a los demandados y que éstos pagan un canon por el uso del solar, así como que dichos demandados sin el consentimiento de la demandante y contra la voluntad de ésta han realizado las tantas veces mencionadas obras, la demanda claramente aduce una causa de acción. Véase artículo 677, inciso 1, Código de Enjuiciamiento Civil.

■ La contención de los demandados al efecto de que la causa de acción incoada es prematura, por tener la demandante a su juicio que esperar hasta la finalización del contrato de arrendamiento para entonces poder acudir ante los tribunales en solicitud de un remedio contra ellos, no merece seria consideración. Un arrendador no tiene necesidad de esperar hasta la terminación del contrato de arrendamiento para impedir que un arrendatario realice en la propiedad objeto del contrato obras que perjudiquen los derechos de aquél. *Sucn. Rivera* v. *González*, 33 D.P.R. 1014; Lewis & Spelling, *The Law of Injunctions*, ed. 1926, pág. 320, sec. 147.

■ Tampoco tienen razón los demandados al sostener que la corte inferior erró al decretar un auto de injunction preliminar sin tener en cuenta que el balance de coveniencias está a favor de ellos y en contra de la parte demandante. El principio relativo al balance de conveniencias no es apli-

cable a casos en que se solicita un injunction para impedir la violación de un contrato. Lewis & Spelling, op. cit., sec. 29, pág. 61. Véase también 28 Am. Jur., pág. 252, sec. 55.

■ Por otro lado, no creemos que la orden dictada por la corte a quo sea contraria a la prueba. Ésta en síntesis demostró que la demandante es dueña de un solar de 34 centésimos de cuerda, situado en la parte norte de la carretera que conduce de San Juan a Bayamón, cerca del sitio conocido por Suchville; que originalmente ella autorizó a Pedro Meléndez a construir en dicho solar una casa de madera, pagándole éste por el uso del solar; que dicha casa fué vendida por Meléndez a Mercedes Pastrana, quien también la vivió en iguales condiciones; y que la Pastrana la vendió a los aquí demandados, quienes han venido pagando asimismo, por el uso del solar, un canon de $2.50 mensuales, pagadero cada seis meses; que la demandante autorizó verbalmente a los demandados para que repararan la casa siempre que hicieran tales reparaciones de madera; que nunca les autorizó a hacer a dicha casa reparaciones de cemento armado o de bloques de concreto, como tampoco a hacer cualesquiera otras construcciones en el solar arrendado. La de los demandados fué al efecto de que la casa de madera estaba en muy malas condiciones y había que hacerle reparaciones urgentes; que la letrina estaba también en pésimas condiciones y el Departamento de Salud les dió un término de diez días para hacer una letrina nueva, modelo 108, con pozo filtrante; y que precisamente lo que ellos están haciendo es reparar la casa, el balcón y el cuarto de baño de ésta, poniéndole zocos de cemento y cumpliendo con los requisitos del Departamento indicado. Manifestaron además los demandados no haber hablado jamás con la demandante respecto a prohibición alguna de construir de cemento armado o de bloques de concreto. La corte inferior dió crédito a la prueba de la demandante. También hizo una inspección ocular con asistencia de las partes. A nuestro juicio su conclusión encuentra pleno apoyo en la prueba aducida.

■ Insisten igualmente los demandados en que la corte inferior erró al dictar un auto de injunction sin consignar razones suficientes en derecho para tal expedición y al no describir con detalles razonables el acto o los actos cuya realización se prohibió mediante el auto dictado. Tampoco se ha cometido este error. Una lectura de la resolución apelada claramente demuestra las razones que tuvo la corte para decretar el auto de injunction preliminar solicitado. En la resolución se hace constar en resumen que la demandante es dueña de la parcela de terreno que se describe; que la misma fué dada en arrendamiento a los demandados, teniendo éstos enclavada en dicho solar una casa de madera de tamaño mediano; que los demandados prácticamente están transformando dicha casa en un edificio de cemento armado y de bloques, con un magnífico cuarto de baño, enchapado en azulejos; que al arrendar la demandante prohibió a los demandados tal reedificación y que el permitir a éstos la continuación de la reconstrucción de la casa en la forma indicada haría que el valor de ésta se elevara enormemente, y que siendo la expedición de un injunction temporal cuestión que descansa en la sana discreción de la corte, tal discreción debía ejercitarse en favor de la parte que pudiera resultar más perjudicada. La corte termina su resolución especificando los actos que los demandados, sus agentes, etc., deben abstenerse de realizar, dando así cumplimiento a lo provisto en la núm. 65 (d) de las Reglas de Enjuiciamiento Civil.

En última instancia los demandados imputan a la corte a quo haber actuado movida por pasión, prejuicio y parcialidad, así como haber cometido manifiesto error en la apreciación de la prueba. Hemos examinado los autos cuidadosamente y no vemos, en verdad, fundamento alguno para semejantes imputaciones o para sostener que la corte cometió manifiesto error al aquilitar la prueba.

*No habiéndose cometido ninguno de los errores señalados, procede la confirmación de la resolución apelada.*

El Juez Asociado Sr. Snyder no intervino.

EN RECONSIDERACION.
Julio 28, 1950

*PER CURIAM:* Con fecha 18 de mayo de 1950 dictamos sentencia confirmando la resolución dictada por la Corte de Distrito de Bayamón en el caso del epígrafe. Nos piden ahora los demandados apelantes la reconsideración de nuestra anterior sentencia, fundados en que la mencionada resolución de la corte a quo al prohibirles "construir o reformar en forma alguna" la casa de madera de su propiedad enclavada en el solar de la demandante fué más allá de lo solicitado y probado por ésta, y en que al resolver el séptimo de los errores señalados en su alegato y en el cual imputan a la corte inferior haber actuado movida por pasión, prejuicio y parcialidad, hicimos constar en el curso de nuestra opinión que no veíamos fundamento para semejantes imputaciones, lo que les hace sentir "como si hubieran cometido un acto calumnioso y despreciable."

Luego de exponerse en la demanda los hechos que sirven de base a la acción ejercitada, se suplica de la corte "dicte sentencia definitiva de injunction en consonancia con el derecho que asiste a la demandante; prohibiendo a los demandados la reconstrucción de la casa de madera en bloques de concreto o concreto armado; que se ordene la destrucción de las obras realizadas y descritas anteriormente; y que se condene a los demandados al pago de las costas, gastos y honorarios de abogado . . ." Conforme hicimos constar en nuestra opinión, sin embargo, en la resolución dictada por la corte de distrito se ordena la expedición de "un injunction dirigido a los demandados, sus agentes, sirvientes, empleados y sus abogados para que se abstengan de construir o reformar *en forma alguna* la casa de referencia y que ubica en el solar o parcela de terreno descrita anteriormente y que es de la propiedad de la demandante, hasta la determinación de esta acción, siempre que la demandante preste una fianza por la suma de mil quinientos dólares ($1,500) para el pago

de costas y daños y perjuicios en que pueda incurrir o sufrir la parte demandada con motivo de este procedimiento.''

No obstante, según demostró la prueba y según hicimos constar en nuestra opinión ''la demandante autorizó verbalmente a los demandados para que repararan la casa, siempre que hicieran tales reparaciones de madera'' y ''nunca les autorizó a hacer a dicha casa reparaciones de cemento armado o de bloques de concreto, como tampoco a hacer cualesquiera otras construcciones en el solar arrendado.'' La corte inferior al expedir el injunction preliminar a que hemos hecho referencia fué, por tanto, más allá de lo solicitado por la demandante y de lo demostrado por la prueba. Procede, en su consecuencia, modificar su citada resolución.

Ahora bien, al resolver que el séptimo error—relativo a la imputación de pasión, prejuicio y parcialidad—no se había cometido, hicimos constar en el curso de nuestra opinión que ''no vemos en verdad fundamento alguno para semejantes imputaciones.'' Empero, tales palabras no tienen el alcance que le dan los apelantes.

*Debe declararse con lugar la reconsideración solicitada y modificarse la resolución dictada por la Corte de Distrito de Bayamón con fecha 15 de julio de 1949, en el sentido de prohibir a los demandados construir o reformar de bloques de concreto o en concreto armado la casa de éstos descrita en la demanda, y así modificada, confirmarse.*