RAMÓN TORRES PÉREZ, demandante y apelado, *v.* EVELINA CABRERA CABRERA, demandada y apelante.

Núm. 10634.—*Sometido:* Septiembre 1, 1952.
*Resuelto:* Septiembre 17, 1952.

*Mario Báez García,* abogado de la apelante; *José M. Dávila Monsanto,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

El día 28 de marzo de 1950 Ramón Torres Pérez radicó una demanda de divorcio contra su esposa Evelina Cabrera Cabrera, en la Corte de Distrito de Guayama. La causa de acción se basaba en una alegada separación por tres años. La demandada presentó una moción de *litis expensas,* habiéndose opuesto el demandante. Se celebró una vista en torno a tal moción y el tribunal a quo finalmente la declaró sin lugar. El día 17 de octubre de 1950 la demandada radicó su contestación a la demanda, alegando, entre otros extremos, que la demanda era prematura toda vez que fué radicada antes de ser firme una sentencia dictada por la anterior Corte de Distrito de Guayama, en un caso de divorcio entre·las mismas partes y por la misma causa de acción, habiéndose dictado esa sentencia el 15 de marzo de 1950.

Previo señalamiento al efecto, se celebró la vista de este caso en sus méritos el día 9 de abril de 1951 y al iniciarse la vista ambas partes estipularon que sometían el caso por la prueba íntegra que practicaron las partes durante la vista en sus méritos del anterior caso de divorcio, aceptando la demandada que desde que fué radicada la demanda en el caso anterior hasta la fecha de la radicación de la demanda en el caso de autos ambos cónyuges habían estado separados por más de tres años, en forma continua e ininterrumpida, pero la demandada planteó de nuevo su alegación al efecto de que la demanda en el caso de autos debía desestimarse por haber sido la misma prematuramente radicada en razón de que lo fué antes de ser firme la sentencia dictada en el primer caso.

El tribunal a quo dictó sentencia declarando con lugar la demanda y declaró sin lugar la moción de la demandada (*plea in abatement*) en la cual ésta alegaba que había una acción pendiente entre ambas partes. En cuanto a este último extremo, el tribunal inferior concluyó que la demandada no podía apelar de la sentencia dictada en el primer caso, ya que en esa sentencia se declaró sin lugar la demanda y ella no era una parte perjudicada por la sentencia y que, por lo tanto, el demandante podía radicar una nueva demanda en cualquier momento desde el 15 de marzo, fecha de la primera sentencia, en adelante, independientemente de que esa primera sentencia fuera o no firme.

La demandada ha apelado para ante este Tribunal y ha señalado los siguientes errores:

"1. El Tribunal de Distrito de Puerto Rico, Sección de Guayama, cometió error manifiesto de hecho y de derecho, al declarar sin lugar la moción de *litis expensas;*

"2. El tribunal de Distrito de Puerto Rico, Sección de Guayama, cometió error manifiesto de hecho y de derecho, al declarar sin lugar la defensa de que la demanda era prematura; y

"3. El Tribunal de Distrito de Puerto Rico, Sección de Guayama, cometió error manifiesto de hecho y de derecho, al declarar con lugar la demanda en todas sus partes."

■ El primer error señalado, en cuanto a la resolución del tribunal inferior declarando sin lugar la moción de *litis expensas*, no merece seria consideración. Tal resolución en torno a la moción de *litis expensas* no es apelable para ante este Tribunal Supremo bajo el artículo 102 de nuestro Código Civil, ed. de 1930, y, por lo tanto, no podría ser considerada en forma colateral en esta apelación contra la sentencia dictada en el caso de divorcio. *Cf. Vilaró v. Puig,* 59 D.P.R. 578.

■ En cuanto a los demás errores señalados, ellos se refieren a la moción de la demandada de que había una acción pendiente entre ambas partes. Artículo 105, inciso 3, de nuestro Código de Enjuiciamiento Civil. De las conclusiones de hecho formuladas por el tribunal a quo (no impugnadas por la apelante) surgen los siguientes hechos:

Ambas partes contrajeron nupcias el 10 de febrero de 1946 y hasta el 28 de marzo de 1950, fecha de la radicación de la demanda en el caso de autos, ambas partes estuvieron separadas por más de tres años, de acuerdo con los requisitos de ley. El día 15 de marzo de 1950 el mismo Tribunal de Guayama había declarado sin lugar una demanda de divorcio presentada por el aquí demandante contra la demandada, basándose esa demanda en la alegada causa de separación.

Al radicarse la demanda en el caso de autos, la sentencia dictada en el primer caso aún no era firme, y por lo tanto, la primera acción era una que estaba pendiente. El artículo 348 de nuestro Código de Enjuiciamiento Civil dispone lo siguiente:

"Artículo 348.—Un pleito se considera pendiente desde que principia hasta su resolución final en apelación, o hasta que haya expirado el tiempo para interponer el recurso de apelación a menos que se haya cumplido el fallo con anterioridad."

En términos generales, una demanda debe ser desestimada si existe otra acción pendiente entre las mismas partes por la misma causa—*Sevilla* v. *Vélez*, 71 D.P.R. 419; *Muñoz* v. *Solá*, 48 D.P.R. 778; artículo 105, inciso 3, Código de Enjuiciamiento Civil—y procede la desestimación por tal motivo si la sentencia en el caso anterior aún no es firme. *Brown* v. *Campbell*, 100 Cal. 635, 647; *Harris* v. *Barnhart*, 97 Cal. 546; *Houghton* v. *Superior Court*, 187 Cal. 661, 203 Pac. 765.

Podría alegarse que habiéndose declarado sin lugar la demanda en el primer caso, la demandada no era una parte agraviada y por lo tanto ella no podía apelar—artículo 294, Código de Enjuiciamiento Civil—y que siendo el demandante el único que podía apelar de la primera sentencia, él renunció a tal derecho al radicar la segunda demanda, convirtiéndose así la primera sentencia en firme. Así lo resolvió el tribunal inferior. Pero no tenemos que pasar sobre esa cuestión, ya que la sentencia dictada en el caso de autos se sostiene por otros fundamentos. Al radicarse la contestación en este caso,

el 17 de octubre de 1950, y al celebrarse la vista de este caso, el 9 de abril de 1951, ya la sentencia dictada en el caso anterior se había convertido en firme y la acción anterior ya no estaba pendiente y, por lo tanto, la demanda en el caso de autos no podía ser desestimada a base de que había una acción pendiente. La terminación definitiva del primer caso aun después de radicarse una moción de desestimación basada en el fundamento de que existía otra acción pendiente, es suficiente para derrotar tal alegación y para justificar el declarar sin lugar la moción de desestimación, si la acción anterior ha terminado definitivamente antes de celebrarse la vista en sus méritos en el segundo caso. 118 A.L.R. 1477, 1480, 1482; *Dyer* v. *Scalmanini*, 69 Cal. 637, 640; *McDougald* v. *Hulet*, 132 Cal. 154; *Rudneck* v. *Southern California M. & R. Co.*, 184 Cal. 274.

*Debe confirmarse la sentencia apelada.*

El Juez Presidente Sr. Todd, Jr., no intervino.