Colón Birriel, Juez Ponente
*1379 TEXTO COMPLETO DE LA RESOLUCION
I
El peticionario, Maruf Abdallah Musa Atra, recurre de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, el día 23 de agosto de 1995. Mediante el dictamen en cuestión, se declaró No Ha Lugar una solicitud de rebaja de pensión alimenticia radicada por el peticionario el 19 de mayo de 1994. Además, se le ordenó al peticionario que continuara pagando la suma previamente establecida por el tribunal de $625.00 mensuales en concepto de dicha pensión alimenticia.
El caso es secuela de una Moción en Auxilio de Jurisdicción, presentada por el peticionario en este Tribunal el 31 de marzo de 1995, en el caso KLAN-95-0004. En aquella ocasión el escrito presentado no cumplía con las disposiciones de la Regla 30(A) de nuestro Reglamento, que regula todo lo concerniente a las órdenes en auxilio de jurisdicción. Por esa razón la moción presentada no pudo ser considerada como una de auxilio de jurisdicción. No obstante, al cumplir el escrito con las disposiciones de la Regla 18 del citado Reglamento, que reglamenta la presentación del recurso de certiorari, procedimos a considerarlo como tal. Por las razones expresadas en nuestra resolución del 7 de julio de 1995, denegamos la expedición del recurso.
En esta ocasión, por los fundamentos que discutiremos más adelante, desestimamos el recurso por falta de jurisdicción.
II
El 23 de agosto de 1995, el Tribunal de Primera Instancia emitió la resolución recurrida en la cual adoptó por referencia las determinaciones de hechos, de derecho y recomendaciones del informe rendido por la Oficial Examinadora de Alimentos el 22 de agosto de 1995. En el informe se recomendó, entre otras cosas, no rebajar la pensión alimenticia. La resolución en unión al informe le fue notificada a las partes el 13 de septiembre de 1995.
El 2 de octubre de 1995, el peticionario presentó ante el tribunal recurrido una "Moción Solicitando Determinaciones Adicionales de Hechos". En relación a lo solicitado el Juez Administrador de dicho tribunal emitió la orden que se transcribe a continuación: "Se entretiene la moción. Refiérase a la Honorable Juez Leticia Espada Roldán, a su regreso de vacaciones."
Al regresar la Juez Espada Roldán de sus vacaciones, se señalaron varias mociones presentadas en el caso, incluyéndose la de Determinaciones de Hechos Adicionales, para el primero (1ro.) de noviembre de 1995, fecha en que la representación legal del peticionario no compareció. El tribunal ante la incomparecencia de éste, "dejó sin efecto" las mociones presentadas por el peticionario, imponiéndole a dicho representante legal $300.00 de sanciones. El 18 de enero de 1996, el peticionario presentó ante este Tribunal el recurso que hoy nos ocupa.
III
El artículo 4.002 de la Ley de la Judicatura de 1994 y la Regla 18(B)(2)(b) de nuestro Reglamento disponen que los recursos de certiorari para revisar órdenes y resoluciones interlocutorias y otras providencias judiciales deberán de presentarse dentro de los treinta (30) días siguientes a la fecha de la . notificación de la resolución u orden.
*1380 En el caso ante nos, como expusiéramos anteriormente, la. resolución recurrida se notificó el 13 de septiembre de 1995 y el recurso se presentó el 18 de enero de 1996, es decir dicho recurso se presentó 127 días después de su notificación. El término para recurrir de la resolución no fue interrumpido por la Moción Solicitando Determinaciones Adicionales de Hechos, presentada por el peticionario el día 2 de octubre de 1995. Veárnós por qué. '
La Regla 43.1 de las de Procedimiento Civil, 39 L.P.R.A. Ap. IHj R. 43, limita el efecto interruptor de dicha moción a recursos de apelación interpuestos contra sentencias. En lo pertinente, la regla dispone que el término "para'apelar" se interrumpirá por la oportuna presentación de una moción para "hacer determinaciones adicionales-de hechos...". Es decir, la regla no aplica a recursos de certiorari interpuestos contra resoluciones. En adición, una parte que solicitare determinaciones de hechos adicionales debe presentar su solicitud dentro del término de. diez (10) días, a partir del archivo en autos de copia de la notificación de la sentencia, según lo dispone la referida Regla.
En el caso de autos se recurre de una resolución que declaró "No Ha Lugar" una moción solicitando rebaja de pensión alimenticia. El vehículo procesal aplicable para revisar tal resolución es el de certiorari. Véase y compárece, Comas v. Corte, 39 D.P.R. 486 (1929); Comas v. Corte, 39 D.P.R. 763 (1929); Torres v. Cabrera, 73 D.P.R. 762 (1952); Sarah Torres Peralta, La Ley Éspecial de Sustento de Menores y el Derecho de Alimentos en Puerto Rico, Vol. 49 Rev, Col. Abog. 170 (1988). Por tanto, la presentación de la moción del peticionario solicitando determinaciones- adicionales de hechos, no interrumpió el término para recurrir. Además, asumiendo que la misma procediera en derecho, ésta se radicó tardíamente, es decir, fuera del término de diez (10) días.qué. señalada Regla 43, supra, para su radicación.
No obstante lo anterior, se ha resuelto que una moción solicitando determinaciones'. dé hechos adicionales que se interpone contra una resolución tiene el mismo alcance que una- moción de reconsideración. Aún así, la moción radicada no tuvo el efecto de interrumpir el término para recurrir en alzada por razón de que ésta se presentó fuera del término de quince (15) días que establece la Regla 47 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 47; Rodríguez v. Autoridad, 110 D.P.R. 184, 187 (1980). Por otro lado, quien presenta una solicitud de certiorari fuera del término que establece nuestro Reglamento tiene el peso de demostrar en su solicitud las razones para su dilación, cosa que el peticionario no hizo en este caso.
Por último, determinamos que el recurso fue presentado para dilatar los procedimientos en el tribunal de instancia y en perjuicio de la eficiente administración de la justicia, por lo que le imponemos a la representación legal del peticionario una sanción económica de doscientos dólares ($200.00) a favor del Estado. Estos tendrán que ser depositados en nuestra secretaría en sellos de rentas internas a partir del recibo de la resolución, so pena más severa.
Por los fundamentos expresados se desestima el recurso presentado conforme a lo dispuesto en la Regla 31(B)(1) de nuestro Reglamento.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
María de la C. González Cruz
Secretaria General