Manuela Semidey, peticionaria, *v.* Tribunal Superior de Puerto Rico, Sala de Guayama, Hon. Ramón R. Cabrera, Juez, demandado.

*Número:* O-70-124      *Resuelto:* 5 de marzo de 1971

*José Hamid Rivera, B. Díaz Asencio, Jackie H. Santos, Felipe Cirino, Fermín B. Arraiza, Arnaldo López Rodríguez y Osvaldo Rivera Cienchino,* abogados de la peticionaria.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

La peticionaria Manuela Semidey, representada por abogados de Servicios Legales de Puerto Rico, Inc., instó una acción de divorcio ante la Sala de Guayama del Tribunal Superior. Dentro de ese pleito solicitó del Tribunal, que se ordenara al demandado consignar en la secretaría la suma de $125.00 en concepto de honorarios de abogado. Señalada para vista y discutida dicha moción, el tribunal de instancia la declaró sin lugar.

Según se alega en la solicitud de revisión, ". . . el fundamento del Tribunal recurrido para declarar sin lugar la moción fue que Servicios Legales de Puerto Rico, Inc., presta servicios sin cobrar honorarios alguno a sus clientes y que siendo la demandante indigente, por lo que cualifica para

tales servicios, no procedía la consignación de honorarios de abogado."

■ Desde hace muchos años se ha resuelto en esta jurisdicción que "la disposición del artículo 100 del Código Civil [31 LPRA § 343] sobre alimentos de la esposa mientras esté pendiente el pleito de divorcio, incluye sus honorarios de abogado. *Wolkers* v. *Masson,* 26 D.P.R. 188; 27 D.P.R. 278; *Carballo* v. *Rossy, Juez de Distrito,* 27 D.P.R. 937." *Valdés* v. *Tribunal de Distrito,* 67 D.P.R. 310 (1947).

Servicios Legales de Puerto Rico, Inc., se organizó en virtud de las disposiciones de la ley federal conocida como *"Economic Opportunity Act of 1964 (Anti Poverty Act)"* según fue enmendada en 1966.[1] Esta enmienda autorizó ayuda financiera para establecer programas de asistencia legal a los pobres en asuntos de naturaleza civil. Este programa al igual que los demás creados por dicho estatuto, es administrado por la Oficina de Oportunidad Económica en Washington, D.C. Dicha Oficina ha adoptado unas guías en cuanto a la elegibilidad de las personas acreedoras a recibir los servicios gratuitos que provee el programa. Una de ellas es al efecto de que la Oficina no suministrará fondos para programas que provean asistencia legal gratuita a personas o corporaciones que pueden contratar los servicios de un abogado privado. Tampoco deben los programas proveer consejo legal gratuito en aquellos casos que generen honorarios, tales como aquéllos en que los honorarios son contingentes u otros en que los honorarios provistos por estatutos o reglamentos administrativos son suficientes para obtener los servicios de un abogado privado. Lo determinante debe ser si el cliente puede obtener representación legal. Cuando el caso sea uno que genere honorarios suficientes para contratar los servicios de un abogado competente, entonces debe referirse el caso bajo un sistema apropiado para ello. Si los honorarios no

---

[1] 42 U.S.C. secs. 2701 *et seq.*

son suficientes para atraer a un abogado privado, entonces el cliente es elegible para asistencia gratuita bajo el programa de la Oficina de Oportunidad Económica. [2]

La Junta de Directores de Servicios Legales de Puerto Rico, Inc., siguiendo las guías generales establecidas por la Oficina de Oportunidad Económica, ha establecido sus normas en cuanto a la elegibilidad de clientes conocidos como "Normas de Aceptación y Tramitación de Casos".

Respecto a los casos de divorcio estas Normas establecen:

"Artículo 11. En los casos de divorcio se cumplirá rigurosamente con las siguientes normas adicionales:

(a) .     .     .     .     .     .     .     .

(b) Siempre que las circunstancias del caso permitan, debe conocerse el ingreso del cónyuge varón al asumirse la representación de una mujer como demandante en el divorcio. Si el marido cuenta con recursos económicos suficientes, conjuntamente con la radicación de la demanda se solicitará, mediante moción, que el Tribunal ordene la concesión de honorarios por anticipado y su consignación en el Tribunal para que un abogado en la práctica privada asuma la representación de la esposa. Tan pronto ello ocurra, Servicios Legales solicitará relevo de representación en el caso." Capítulo III, apartado K, Norma de Aceptación y Tramitación de Casos.

■ Esta norma permite a la cónyuge pobre obtener representación legal desde el momento en que decide ejercitar la acción de divorcio. No es irrazonable suponer que en la mayoría de las ocasiones, aunque se trate de un caso que pueda generar honorarios, el abogado privado no esté dispuesto a asumir la representación gratuita de la mujer demandante, y a realizar todas aquellas gestiones preliminares que fueren necesarias para que el tribunal disponga la concesión y consignación de los honorarios de abogado de la mujer demandante.

---

[2] *Guidelines for Legal Service Programs, Community Action Program, Office of Economic Opportunity,* Wash., D.C., págs. 19–22. Véase además, *"Poverty Law Reporter, Commerce Clearing House, Inc.",* Vol. 1, Paras. 7300–7310, págs. 8201–8205 *(Client Eligibility-Representation).*

Las normas adoptadas por Servicios Legales de Puerto Rico, Inc., instrumentan en forma práctica y flexible las guías adoptadas por la Oficina de Oportunidad Económica, sobre la elegibilidad de clientes para recibir ayuda legal y gratuita.

Estas normas se ajustan en esencia a las guías de la Oficina de Oportunidad Económica. Si el marido está en condiciones de pagar los honorarios de abogado de la mujer demandante o demandada, según sea el caso, en una acción de divorcio, y así se le ordena por el tribunal, a partir de esa etapa de los procedimientos la mujer podrá utilizar los servicios de un abogado de su propia selección, si lo desea, o de aquel abogado privado a quien se le refiera el caso, evitándose de paso, la competencia indeseable de los abogados de dicha corporación, con la práctica privada de la profesión.

*Se revocará la resolución dictada por el tribunal de instancia en corte abierta el día 30 de abril de 1970, y se devolverá el caso para ulteriores procedimientos.*

El Juez Asociado Señor Hernández Matos, no intervino.