<table>
<tr><td colspan="3">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL[1]</td></tr>
<tr><td>EDGAR ABNER REYES COLÓN<br><br>Recurrido<br><br>v.<br><br>SHEILA LI BENABE GONZÁLEZ<br><br>Peticionaria</td><td>KLCE202400757</td><td>*Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso núm.: SJ2021RF00002 (708)<br><br>Sobre: Alimentos</td></tr>
</table>

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rodríguez Casillas y el Juez Candelaria Rosa.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Como resultado de un trámite en el que prevaleció la madre, en torno a una reclamación de pago de una pensión alimentaria estipulada, el Tribunal de Primera Instancia ("TPI") ordenó al padre el pago de $500.00 por concepto de honorarios de abogado a favor de la madre. Según se explica a continuación, a la luz del trabajo realizado por la representación legal de la madre, como consecuencia de la infundada oposición del padre a lo reclamado, concluimos que el TPI debió imponer una cuantía mayor de honorarios de abogado a favor de la madre.

I.

Como resultado de una vista celebrada el 19 de mayo de 2023 (la "Vista"), las partes de epígrafe, el Sr. Edgar Abner Reyes Colón (el "Padre") y la Sra. Sheila Li Benabe González (la "Madre"), llegaron a

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre *Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones*. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron los correspondientes recursos anteriores (KLCE202200358, KLCE202300137, KLCE202300243, KLAN202300608, KLCE202300890, KLCE202400303 y KLRX202400007); véase, además, Orden Administrativa OATA-2023-032 de 27 de febrero de 2023.

un acuerdo sobre la pensión alimentaria final (el "Acuerdo") para beneficio de una menor de edad procreada por estos (la "Hija"). El Acuerdo fue recogido mediante una Resolución notificada el 23 de mayo.

Las partes estipularon que el Padre pagaría "la suma de $5,000.00 mensuales, **el 100% de los gastos académicos**, campamento de verano [y] gastos médicos" (énfasis suplido). Además, se acordó que las partes dividirían por la mitad los "gastos extraordinarios" de la Hija. El Acuerdo sería "efectivo el 1 de junio de 2023".

El 1 de marzo de 2024, el Padre presentó una moción ante el TPI en la cual informó que había recibido "notificaciones de deuda de los alimentos de la menor en la escuela" (la "Moción Inicial"). Indicó que la Madre le "envía notificaciones de que se adeuda dinero de alimentos de la menor en la cafetería" de su escuela. Arguyó que todos los gastos de alimentación de la Hija, dentro o fuera de la casa, deben sufragarse con cargo a la pensión básica acordada. Solicitó al TPI que le ordenase a la Madre pagar la deuda de la cafetería de la escuela.

El 11 de marzo, la Madre presentó una *Solicitud de Desacato* (la "Primera Moción"). Planteó que, por virtud del Acuerdo, el Padre "se obligó a pagar el 100% de todos los gastos escolares, académicos y extracurriculares escolares de la menor", por lo cual le correspondía a este pagar la deuda de la cafetería de la escuela. Sostuvo que se desprendía del audio de la Vista, una porción del cual se reprodujo en la Moción, que el Padre en efecto se comprometió a sufragar todos los gastos escolares, lo cual incluye el pago a la cafetería. Solicitó al TPI que le ordenase al Padre satisfacer la deuda de la cafetería en un término de 24 horas, y **"la imposición de honorarios de abogado por no menos de $500.00**

**por el incumplimiento con su obligación alimentaria y las gestiones realizadas para lograr el cumplimiento".**[2]

El 15 de marzo, la Madre presentó una *Urgente Solicitud de Orden de Pago Inmediato* (la "Segunda Moción"). Informó que la deuda de la cafetería ascendía a $439.10, y que el Padre no la había pagado. Se le advirtió al TPI que la cafetería había comunicado por escrito que no se le suplirían alimentos a la Hija a partir del 1 de abril, a menos que se saldara la referida deuda.

El 20 de marzo, la Madre presentó una *Urgente Tercera Solicitud de Desacato* (la "Tercera Moción"). Expuso que la Hija "se encuentra desprovista del auxilio de este Tribunal y en un riesgo inminente de que le priven de los servicios de la cafetería por el desacato" del Padre. Una vez más, solicitó que se ordenase al Padre pagar la referida deuda dentro de un plazo de 24 horas.

Por su parte, el 20 de marzo, el TPI le ordenó al Padre que, en 20 días, replicara a la Segunda Moción; el 27 de marzo, el TPI le ordenó al Padre que, en 20 días, replicara a la Tercera Moción.

El 11 de abril, la Madre le solicitó al TPI que diese por sometida sin oposición la Segunda Moción, al haber transcurrido el término concedido al Padre para oponerse a la misma (la "Cuarta Moción").

Más tarde ese día, el Padre se opuso a la Cuarta Moción. Señaló que, desde el 1 de marzo, fecha en que presentó la Moción Inicial, el TPI conocía su postura en cuanto al asunto planteado en las mociones de la Madre. Entiéndase, que en la Moción Inicial el Padre consignó su postura de que es a la Madre a quien corresponde sufragar la deuda de la cafetería.

El 17 de abril, la Madre presentó una *Urgentísima Solicitud de Remedio* (la "Quinta Moción"). Se le informó al TPI que, en la

---

[2] Véase, Recurso de *Certiorari*, Apéndice, pág. 12.

mañana de ese día, la Madre supo que la "cafetería del colegio donde estudia la menor no le permite consumir alimentos", ello en atención a que el Padre no ha pagado la deuda correspondiente.

El 8 de mayo, la Madre acudió ante este Tribunal mediante el recurso de *Mandamus*, KLRX202400007. Informó que, el 11 de abril, la Madre había logrado que "se le abriera nuevamente el crédito a la menor hasta el fin del mes de abril". Afirmó que, el 30 de abril, ante el hecho de que el TPI aún no había dispuesto sobre el asunto, ella "satisfizo la deuda de la menor en la cafetería por la cantidad de $560.00".

En atención a dicho recurso, expedimos el auto de *mandamus* y ordenamos al TPI que adjudicara la controversia ante sí, en o antes del 24 de mayo.

Celebrada una vista ante el TPI, mediante una *Resolución* notificada el 24 de mayo (la "Decisión"), el TPI concluyó que, como el Padre acordó pagar el 100% de los gastos académicos, le correspondía sufragar el servicio de la cafetería de la escuela donde estudia la Hija. En específico, el TPI determinó lo siguiente:

> Cónsono con la estipulación el demandante debe satisfacer el 100% de los gastos académicos de la menor inclusive el servicio de la cafetería en la escuela que asiste la menor.
>
> Declaramos **CON LUGAR** la solicitud de desacato presentada por Moción el 11 de marzo de 2024.
>
> Ordenamos al demandante acreditar en un término de veinte (**20**) días el pago de la deuda por concepto de alimentos en la escuela de la menor y/o reembolsar a la parte demandada el gasto incurrido.
>
> Quedará el desacato en suspenso hasta tanto se notifique y decurse el término impuesto hoy.

El 28 de mayo, la Madre presentó una *Solicitud de Imposición de Honorarios de Abogado* (la "Solicitud"). Planteó que, como consecuencia de la postura del Padre en torno al pago del gasto de cafetería escolar, su representante legal se vio en la obligación de presentar un total de cinco mociones, se realizaron cuatro reuniones

de abogados y se celebró una vista. Por tanto, solicitó no menos de $2,500.00 en concepto de honorarios de abogado.

Mediante una *Orden* notificada el 5 de junio (la "Orden"), el TPI condenó al Padre a pagar $500.00 en concepto de honorarios de abogado.

Insatisfecha, el 8 de julio (primer día laborable en el Poder Judicial, luego del 3 de julio), la Madre presentó el recurso que nos ocupa; formula los siguientes señalamientos de error:

1. Erró y abusó de su discreción el TPI al otorgar la cuantía de $500.00, en concepto de honorarios de abogado ante el incumplimiento del Dr. Reyes, las 6 mociones radicadas, reuniones con la clienta y comparecencia ante el TPI, en detrimento de los comprometiendo alimentos y en detrimento del menor.

2. Erró y abusó de su discreción el TPI al imponer el término de 45 días para satisfacer de pago de honorarios de abogado por el incumplimiento del demandante, pues la norma requiere el pago inmediato de los honorarios de abogado.

Mediante una Resolución de 10 de julio, le ordenamos al Padre mostrar causa por la cual no debíamos expedir el auto solicitado y revocar la Orden.

El Padre compareció; planteó que el trabajo de la Madre para obtener la Orden no se debió a su postura, sino que fue atribuible al TPI, quien "ignoró la controversia trabada y se apartó de su obligación ministerial de resolverla hasta que este Foro intervino y le obligo por medio de un *mandamus* a hacerlo". Resaltó que el TPI no hizo una determinación de temeridad e insistió en que, bajo los términos del Acuerdo, este no tenía que sufragar los gastos de la cafetería escolar. No obstante, indicó que había determinado no recurrir de la Decisión porque estaba "convenci[do] de que no tendrá una determinación imparcial, ni objetiva, ni en ausencia de prejuicios". Resolvemos.

II.

En cuanto a los honorarios de abogado en los casos de alimentos, el Artículo 22(1) de la Ley *Orgánica de la Administración para el Sustento de Menores*, 8 LPRA sec. 521(1), dispone que <u>se otorgará</u> el pago de honorarios de abogado a favor del alimentista, cuando este prevalezca en un procedimiento para fijar, modificar **o para hacer efectiva una orden de pensión alimentaria**.

Así pues, "la obligación alimentaria incluye el pago de una partida para cubrir los honorarios de abogado." *Torres Rodríguez v. Carrasquillo Nieves,* 177 DPR 728, 740 (2009). De esta forma, procede la imposición de los honorarios de abogado a favor de los menores en una acción para reclamar alimentos, **sin la necesidad de que actúe con temeridad** el demandado al defenderse de la reclamación. *Íd.*, a la pág. 741; *Chévere v. Levis*, 152 DPR 492, 502 (2000). Incluso, aunque el alimentista esté representado por una organización de asistencia legal a indigentes, tiene derecho a reclamar una partida por honorarios de abogado. *Íd.*; *Semidey v. Tribunal*, 99 DPR 705, 707 (1970).

Dicha norma está más que justificada, pues la negación de esos fondos, en un pleito de alimentos, privaría al alimentista, o a su representante, de los recursos económicos necesarios para reclamar y hacer efectivo su derecho. Incluso, podría comprometerse la pensión alimentaria para atender el reclamo de pago del representante legal. *Torres Rodríguez*, 177 DPR a la pág. 741; *Rodríguez Avilés v. Rodríguez Beruff*, 117 DPR 616, 621 (1986).

El criterio rector es compensar las dificultades que sufre el alimentista al tener que reclamar judicial o administrativamente los alimentos a quien tiene la obligación moral y legal de suministrarlos. *Íd.* Asimismo, es importante recordar que los honorarios de abogado no pertenecen al abogado, sino al litigante, quien dará a la cuantía

concedida el destino que desee. *Torres Rodríguez,* 177 DPR a la pág. 743.

En cuanto al monto de honorarios, el criterio que debe regir es el de razonabilidad. En consecuencia, la concesión de honorarios de abogado que haga el TPI no debe alterarse a menos que la cantidad concedida sea irrazonable. *Llorens Becerra v. Mora Monteserín,* 178 DPR 1003, 1035 (2010). Entre los factores que han de considerarse para la fijación de honorarios de abogado está la extensión del pleito. No obstante, "[p]ueden existir otros factores, asociados al curso de los procedimientos y las circunstancias del caso en particular, que incidan en el criterio del juzgador en el ejercicio de establecer una cuantía de honorarios justa y razonable." *Íd.,* a las págs. 1035-1036.

### III.

Según surge claramente del récord, ante la injustificada postura del Padre, a los efectos de que no le correspondía sufragar el gasto de cafetería escolar porque el mismo no era un gasto "académico", la Madre se vio obligada a solicitar el auxilio del TPI en varias ocasiones, así como recurrir a este Tribunal y comparecer a una vista. Aunque el TPI debió atender con mayor diligencia esta controversia, la realidad es que fue a raíz de la inmeritoria postura asumida por el Padre que la Madre tuvo que invertir recursos significativos para obtener el pago que le correspondía al Padre. Es decir, si el Padre hubiese cumplido desde el inicio con la obligación que claramente contrajo, la Madre no hubiese tenido que incurrir en los referidos gastos.

Aunque el TPI correctamente concluyó que procedía otorgar a la Madre honorarios de abogado, únicamente le concedió $500. No obstante, ante el número de gestiones de que tuvo que realizar la Madre para obtener un remedio, concluimos que dicha cantidad es

irrazonable y que se le debió conceder una cuantía más alta de honorarios de abogado.

IV.

Por los fundamentos antes expuestos, se expide el auto solicitado, se modifica la *Orden* recurrida a los fines de aumentar la cuantía de honorarios de abogado concedida a $1,500.00 y, así modificada, se confirma la referida *Orden.*

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones