Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| TERESA LÓPEZ ACEVEDO | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón |
|---|---|---|
| Peticionaria | | |
| v. | KLCE202401395 | |
| | | Sobre: Custodia; Patria Potestad; Alimentos |
| JULIO JAVIER VIGOREAUX ELEUTECI | | |
| Recurrido | | Caso Núm. BY2023RF01148 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de marzo de 2025.

La peticionaria, Teresa López Acevedo, comparece ante nos y solicita nuestra intervención para que dejemos sin efecto la *Resolución Interlocutoria* notificada el 18 de octubre de 2024 por el Tribunal de Primera Instancia, Sala de Bayamón. Mediante la misma, el foro *a quo* fijó una cuantía de dos mil quinientos dólares ($2,500.00) en concepto de honorarios de abogado. La referida determinación fue emitida dentro de un pleito sobre *Custodia, Patria Potestad y Alimentos* entre la peticionaria y el aquí recurrido, el señor Julio Javier Vigoreaux Eleuteci.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *certiorari* solicitado.

### I

El 28 de junio de 2023, la peticionaria presentó una demanda solicitando petición de custodia, privación de la patria potestad y alimentos. Luego de las partes haber estipulado los asuntos relativos a la patria potestad y custodia, quedó por determinarse la controversia relacionada a la pensión de alimentos.

Según el expediente de autos, las partes estipularon el 23 de agosto de 2023 una primera pensión provisional por la cantidad de mil ciento treinta y cinco dólares ($1,135.00) mensuales. Posteriormente, el 1 de junio de 2024 las partes acordaron una segunda pensión provisional por la cantidad de mil quinientos dólares ($1,500.00) mensuales.

Así las cosas, la Examinadora de Alimentos señaló vista para el 18 de septiembre de 2024 con el fin de fijar la pensión final. No obstante, la parte peticionaria presentó el 17 de septiembre de 2024 una *Moción en Solicitud de Suspensión de Vista y otros Extremos*.[1] En ella, se informó que entre las partes lograron llegar a una estipulación, mediante la cual finiquitaron las controversias relacionadas a la pensión alimentaria.

Cónsono a lo anterior, el 1 de octubre de 2024, las partes de epígrafe presentaron en conjunto, una *Moción Presentando Estipulación de Pensión Alimentaria, Retroactivo y Reembolsos*[2], en la cual expusieron lo acordado. Surge del pliego, que las partes acordaron para el periodo el cual comprendía del 28 de junio de 2023 al 31 de mayo de 2024, una pensión alimentaria por la cantidad de dos mil dólares ($2,000.00) mensuales. Así también, se estipuló para el periodo del 1 de junio del mismo año, en adelante, la cantidad de dos mil cien dólares ($2,100.00) mensuales. Ahora bien, en la referida estipulación, nada se dispuso sobre la cantidad de honorarios de abogado a imponerse a favor del alimentista.

Evaluado el pliego presentado por las partes, el 2 de octubre de 2024, el Tribunal de Primera Instancia emitió una *Resolución*[3] mediante la cual aprobó la estipulación presentada y ordenó a las partes a dar estricto cumplimiento a la misma.

---

[1] Apéndice del recurso, pág. 125.
[2] *Íd.*, pág. 128.
[3] SUMAC, entrada núm. 120.

Posteriormente, el 9 de octubre de 2024, la peticionaria presentó una *Moción en Solicitud de Honorarios de Abogado*[4] en la cual solicitó una cantidad no menor de treinta mil dólares ($30,000.00), por concepto de honorarios de abogado. En la solicitud, la parte peticionaria adujo que, de acuerdo con la facturación detallada por hora a su cliente, había realizado doscientas cincuenta (250) horas de trabajo.

En la referida moción, la peticionaria planteó que los honorarios de abogado deben ser fijados según lo dispuesto por nuestro más Alto Foro en el caso *Corpak Art. Printing v. Ramallo Brothers,* 125 DPR 724, 738 (1990). Ello, tomando en consideración los siguientes elementos: "trabajo rendido por el abogado, experiencia profesional del abogado, expertise del abogado en dichos casos, tipo por hora que cobra el abogado, y el trámite que la parte alimentante escogió para tratar de evitar que el tribunal pudiera considerar los alimentos a que tenga derecho las alimentistas".[5]

Además, planteó que la parte recurrida contaba con fondos suficientes para remunerar dicha cantidad. Aludió a que, en el proceso del descubrimiento de prueba para establecer la pensión alimentaria, se demostró que una de sus cuentas bancarias tenía un balance de ochocientos mil dólares ($800,000.00). También indicó que los gastos mensuales del recurrido ascendían a quince mil dólares ($15,000.00), y que este poseía una vivienda sin gravamen hipotecario.

En reacción, el 16 de octubre de 2024 la parte recurrida presentó una *Moción del Demandado en Cumplimiento de Orden y en Oposición a la Fijación de $30,000 o más en concepto de Honorarios de Abogado.*[6] En esta, planteó que la partida por concepto de

---

[4] *Íd.,* pág. 35.
[5] *Íd.,* pág. 40.
[6] *Íd.,* pág. 134.

honorarios de abogado no se sostenía en el derecho aplicable, ni en el trámite legal efectuado en el caso de autos. Ello, debido a que las partes lograron llegar a un acuerdo para finiquitar las controversias legales del importe de la pensión. Por otra parte, el recurrido también adujo que la imposición de los honorarios de abogado no implicaba que se costeara la totalidad del gasto incurrido por la representación legal de la parte que lo solicita. Así, la parte recurrida solicitó que se fijaran honorarios razonables.

Evaluados los escritos de las partes, el 18 de octubre de 2024 el Tribunal de Primera Instancia, mediante una *Resolución Interlocutoria*[7], fijó los honorarios de abogado por la cantidad de dos mil quinientos dólares ($2,500.00) a ser satisfechos en cuarenta y cinco (45) días.

Inconforme con la cuantía impuesta, el 4 de noviembre de 2024 la peticionaria presentó una *Moción en Solicitud de Reconsideración Sobre Fijación de Honorarios de Abogada.*[8] En la petición enfatizó que el tribunal tenía que tomar en consideración el tiempo invertido por la representación legal. Además, reiteró que el foro primario debió centrar su análisis para fijar la cuantía, a tenor de los elementos establecidos en el caso *Corpak Art. Printing v. Ramallo Brothers,* supra. A su vez, la peticionaria arguyó que el hecho de que se haya estipulado una cuantía final, no significaba que no se obtuvo una sentencia a su favor. En la referida moción la peticionaria presentó facturas que detallaban la alegada labor realizada en el caso de autos.

El 6 de noviembre de 2024, el foro primario le ordenó al recurrido que fijara su posición, en un término de quince (15) días en cuanto a la referida petición. En virtud de lo ordenado, el 22 de noviembre de 2024, la parte recurrida presentó una *Moción del*

---

[7] *Íd.,* pág. 4.
[8] *Íd.,* pág. 138.

*Demandado en Cumplimiento de Orden Fijando Oposición a la Reconsideración sobre Fijación de Honorarios.*[9] En esta, reiteró que entre las partes pudieron estipular la cuantía final de alimentos en un proceso, el cual catalogó no fue extenso. Aludió a que en dos ocasiones se había estipulado cuantía sobre pensión provisional y que, posteriormente, llegaron a un acuerdo para fijar la pensión final. Por otra parte, el recurrido volvió a plantear que la partida de honorarios que debe conceder el tribunal no tiene el propósito de cubrir con todos los gastos incurridos por el alimentista. Así, planteó que la cuantía solicitada por la parte peticionaria era excesiva.

Evaluados los escritos de las partes, el 25 de noviembre de 2024, el Tribunal de Primera Instancia emitió y notificó una *Resolución Interlocutoria*[10] en la cual declaró *No Ha Lugar* la moción de reconsideración presentada por la parte peticionaria.

Inconforme, el 26 de diciembre de 2024, la peticionaria compareció ante nos, mediante el recurso de *certiorari.* En el mismo formula los siguientes señalamientos:

> El Tribunal de Primera Instancia abusó de su discreción al imponer la cantidad de $2,500.00 en concepto de honorarios de abogado en el contexto de un proceso extenso, contencioso y que pudo haberse simplificado desde un principio.

> El Tribunal de Primera Instancia abusó de su discreción y erró gravemente al ignorar el carácter reparador que ostentan los honorarios en los procesos de fijación de pensión alimentaria, apartándose de lo dispuesto en *Torres Rodríguez v. Carrasquillo Nieves,* 177 DPR 728 (2009).

El recurrido, por su parte, el 21 de enero de 2025 presentó un *Escrito en Cumplimiento de Orden y en Oposición a Expedición de Certiorari.*

---

[9] *Íd.,* pág. 164.
[10] *Íd.,* pág. 2.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

## II

## A

La Ley Núm. 5 del 30 de diciembre de 1986, conocida como la Ley Orgánica de Administración para el Sustento de Menores (ASUME), establece en su Artículo 22(1), 8 LPRA sec. 521, que "[e]n cualquier procedimiento bajo este capítulo para la fijación, modificación o para hacer efectiva una orden de pensión alimentaria, el tribunal, o el Juez Administrativo deberá imponer al alimentante el pago de honorarios de abogado a favor del alimentista cuando éste prevalezca". Así, "[l]a imposición de los honorarios de abogado a favor de los menores, en una acción para reclamar alimentos a favor de éstos, procede sin la necesidad de que el demandado incurra en temeridad, pues esta partida es parte de los alimentos a los que tiene derecho el menor alimentista". *Llorens Becerra v. Mora Monteserín,* 178 DPR 1003, 1035 (2010).

El criterio rector para conceder honorarios de abogado no es que efectivamente se remunere la cantidad que previamente se le haya desembolsado al abogado, sino que el principio del mismo es compensar las dificultades que sufre el alimentista al tener que reclamar judicial o administrativamente los alimentos a quien tiene la obligación moral y legal de suministrarlos. *Torres Rodríguez v. Carrasquillo Nieves,* supra, págs. 741-742.

De otro modo, el criterio que debe regir en la imposición de la partida correspondiente a los honorarios de abogado es el de razonabilidad. Entre los factores que el Tribunal de Primera Instancia debe considerar al momento de fijar los honorarios de abogado está "[la] extensión del pleito". No obstante, éste no constituye un criterio único. Pueden existir otros factores, asociados

al curso de los procedimientos y las circunstancias del caso en particular, que incidan en el criterio del juzgador en el ejercicio de establecer una cuantía de honorarios justa y razonable". *Íd.*, págs. 1035-1036.

En cuanto al estándar de revisión, nuestro más Alto Foro ha resuelto que "[n]o procede intervenir con los honorarios de abogado que conceda el foro primario, salvo que la suma concedida sea irrazonable". *Íd.*, pág. 1035.

**B**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

*BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018).

**III**

En el presente caso, la parte peticionaria plantea que el Tribunal de Primera Instancia abusó de su discreción al imponer una cantidad de dos mil quinientos dólares ($2,500.00), en concepto de honorarios de abogado, así como que erró gravemente al ignorar el carácter reparador que ostentan los mismos en la fijación de pensión alimentaria. Habiendo examinado sus señalamientos a la luz de la norma aplicable, resolvemos que no existe razón en derecho alguna que mueva nuestro criterio a diferir con la determinación recurrida.

Un examen del expediente que nos ocupa mueve nuestro criterio a confirmar que no concurre condición legítima alguna que amerite imponer nuestras funciones sobre las ejercidas por el foro primario. A nuestro juicio, la determinación aquí planteada no es una que se aparte de la norma, ni producto de un abuso concernido de discreción atribuible al Juzgador concernido.

Del trámite procesal previamente detallado surge que el pleito estuvo ante la consideración del foro primario alrededor de un (1) año y tres (3) meses. En el transcurso del mismo, se estipularon dos (2) pensiones provisionales y luego se estipuló la pensión final. No se celebró una vista final en su fondo. Analizados los criterios anteriores, el foro primario estimó razonable la cuantía de dos mil quinientos dólares ($2,500.00), por concepto de honorarios de abogado.

Es menester resaltar que nuestro más Alto Foro estimó razonable, en el caso *Llorens Becerra v. Mora Monteserín,* supra, una cuantía de cinco mil dólares ($5,000.00) en concepto de honorarios de abogado, en un pleito que se prolongó por diez (10) años. Además, el precitado caso enfatizó que este Tribunal no tiene facultad revisora sobre esta determinación, a menos que la cuantía resulte irrazonable.

Así, como ninguno de los documentos que nos ocupan revela que, en el ejercicio de sus facultades adjudicativas, el Tribunal de Primera Instancia haya incurrido en error de derecho o abuso de discreción al disponer de la controversia entre las partes, no procede nuestra intervención. Ello porque, a nuestro juicio, el foro primario se sujetó a los criterios legales pertinentes, según establecidos por nuestro más Alto Foro, tomando en consideración las particularidades procesales, antes descritas, en el presente caso.

Por tanto, en ausencia de condición alguna que mueva nuestro criterio a estimar que este Foro debe intervenir en la causa de epígrafe, *denegamos* la expedición del auto solicitado.

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del presente recurso de *certiorari*.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. La Juez Grana Martínez disiente mediante voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| TERESA LÓPEZ ACEVEDO | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón |
|---|---|---|
| Peticionaria | | |
| v. | KLCE202401395 | |
| JULIO JAVIER VIGOREAUX ELEUTECI | | Sobre: Custodia; Patria Potestad; Alimentos |
| Recurrido | | Caso Núm. BY2023RF01148 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

## VOTO DISIDENTE DE LA JUEZA GRANA MARTÍNEZ

Constituye política pública del Estado Libre Asociado de Puerto Rico que los padres o las personas legalmente obligadas asuman la responsabilidad que tienen para con sus hijos. Véase, Exposición de Motivos, Ley Orgánica de la Administración Para el Sustento De Menores, Ley Núm. 5 de 30 de diciembre de 1986. 8 LPRA sec. 501 nota *et seq.* Este constituye un derecho de raigambre constitucional como parte esencial del derecho a la vida consagrado en la Sec. 7 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo 1; *Torres Rodríguez v. Carrasquillo Nieves,* 177 DPR 728, 738 (2009); *McConnell v. Palau,* 161 DPR 734, 745 (2004); *Martínez v. Rodríguez,* 160 DPR 145, 151 (2003). No solo es un deber moral, sino que, además, se trata de un deber jurídico que, en nuestra jurisdicción, ha sido consagrado en varios de los artículos de nuestro Código Civil, así como en la Ley Orgánica de la Administración Para el Sustento De Menores. *Martínez v. Rodríguez,* supra, pág. 152.



Además, y en lo pertinente a nuestra controversia, Ley Orgánica de la Administración Para el Sustento De Menores

contempla la imposición de Honorarios de Abogado de Abogado como parte del proceso. A tales efectos, dispone en su Art. 22 que:

(1) En cualquier procedimiento bajo esta Ley para la fijación, modificación o para hacer efectiva una orden de pensión alimentaria, el tribunal, o el Juez Administrativo deberá imponer al alimentante el pago de honorarios de abogado a favor del alimentista cuando éste prevalezca.

(2) El tribunal, o el Juez Administrativo podrá imponer al alimentante el pago de honorarios de abogado a favor del alimentista al fijarse una pensión provisional.

(3) En el caso en que las partes estén casadas entre sí y uno de los cónyuges controle la totalidad o la mayor parte de los bienes líquidos de la sociedad de gananciales, el tribunal, o Juez Administrativo ordenará al que controla los bienes conyugales el pago inmediato de honorarios de abogado razonables al otro cónyuge, según solicitados. 8 LPRA sec. 521.

De igual manera, el Código Civil de 2020 contempla una partida razonable para sufragar los gastos del litigio y honorarios de abogado, cuando el alimentista se vea obligado a ir a un tribunal o a iniciar un proceso administrativo para reclamar su derecho a los alimentos. 31 LPRA sec. 7534.

Inclusive la imposición de los **honorarios** de abogado a favor de los menores en una acción para reclamar **alimentos** procede sin la necesidad de que actúe con temeridad el demandado al defenderse de la reclamación. *Torres Rodríguez v. Carrasquillo Nieves*, supra, pág. 740; *Llorens Becerra v. Mora Monteserín*, 178 DPR 1003, 1035 (2010); *Chévere Mouriño v. Levis Goldstein*, 152 DPR 492 (2000). Y de hecho aun cuando el alimentista esté representado por una organización de asistencia legal a indigentes. *Torres Rodríguez v. Carrasquillo Nieves*, supra, pág. 741; *Semidey v. Tribunal Superior*, 99 DPR 705, 707 (1970).

Esto obedece a que la negación de los honorarios de abogado en un pleito por alimentos privaría al alimentista, o a su representante o guardián, de los recursos económicos necesarios para reclamar y hacer efectivo su derecho. Incluso, podría

comprometer la pensión alimenticia para atender el reclamo de pago del representante legal. *Torres Rodríguez v. Carrasquillo Nieves*, supra; *Rodríguez Avilés v. Rodríguez Beruff*, 117 DPR 616, 621 (1986); *Milán Rodríguez v. Muñoz*, 110 DPR 610, 612–614 (1981).

En *Torres Rodríguez v. Carrasquillo Nieves*, supra, pág. 743, el Tribunal Supremo de Puerto Rico establece, sin ambages que **"nuestro ordenamiento establece que los honorarios de abogado no pertenecen al abogado, sino al litigante, quien dará a la cuantía concedida por ese concepto el destino que desee. De ahí que la parte peticionaria tiene el derecho a reclamar y a recibir una partida razonable por honorarios, sobre todo, si efectivamente quiere destinarlos a satisfacer las facturas que, por tal concepto, le presentó su representante legal en ese tiempo. Es decir, una parte que haya tenido que incurrir en gastos para reclamar lo que, a fin de cuentas, es un derecho, tiene el mismo derecho a recuperar lo que gastó." (Énfasis nuestro)**.



Ahora bien, los honorarios de abogado a los cuales tiene derecho el alimentista deben regirse por el criterio de la razonabilidad. *Torres Rodríguez v. Carrasquillo Nieves*, supra. No procede intervenir con los honorarios de abogado que conceda el foro primario, salvo que la suma concedida sea irrazonable. *Llorens Becerra v. Mora Monteserín*, supra, pág. 1035.

A esos efectos, el ordenamiento jurídico ha identificado ciertos criterios para evaluar la razonabilidad de los honorarios, así el tribunal podrá considerar, entre otros factores: 1) la extensión del pleito, 2) la complejidad del caso, 3) los trámites procesales acaecidos en el mismo, 4) el mérito relativo de las posturas de las partes, 5) el resultado del litigio, 6) la naturaleza de la conducta de las partes, 7) las circunstancias financieras de las partes y la capacidad de ingresos de estas. *Neny v. Neny*, 989 So. 2d 565 (Ala.

Civ. App. 2008); *Yezzi v. Small*, 206 A.D.3d 1472, 170 N.Y.S.3d 712 (3d Dept. 2022).

La razonabilidad de los honorarios concedidos por el Tribunal de Primera Instancia es una cuestión de hechos a ser determinable tomando en consideración las circunstancias particulares de cada caso. Si bien la extensión del pleito ciertamente es uno de los criterios, no el único, ni el más importante. Tampoco me parece adecuado comparar las cuantías otorgadas en casos previos, como la normativa de compensación en casos de daños y perjuicios, cuando contamos con criterios suficientes para atender la controversia.

Es por dicha razón que, en este caso particular, hubiese expedido el recurso y devuelto al foro primario, para que este tomara en consideración los criterios antes esbozados y sustentara la cuantía otorgada. Una vez así hecho, estaría en posición de evaluar la razonabilidad de esta.

En San Juan, Puerto Rico, a 27 de marzo de 2025.

Grace M. Grana Martínez
Jueza de Apelaciones